UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN HARPER,<br><br>            Plaintiff,<br><br>   v.<br><br>DICK HANNAH TOYOTA, and TOYOTA MOTOR NORTH AMERICA INC.,[1]<br><br>            Defendants. | CASE NO. C22-5065 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on Defendant Dick Hannah Toyota's motion to dismiss, Dkt. 2, and Defendant Toyota Motor Sales, U.S.A., Inc.'s ("TMS") motion to dismiss, Dkt. 5. The Court has considered the briefing filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

---

[1] The complaint erroneously names Defendant Toyota Motor Sales, U.S.A., Inc. as Toyota Motor North America Inc. *See* Dkt. 1 at 1.

ORDER - 1

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff John Harper, proceeding pro se, commenced this action in January 2022, asserting claims of fraud. Dkt. 1. Harper alleges that in October 2021 he bought a Toyota from Dick Hannah that he thought was a new vehicle but later discovered that it was used. *Id.* ¶¶ 5, 6. He alleges violations of 18 U.S.C. § 1341 and RCW 46.70.180(4)(b)(i) and requests compensatory and punitive damages. *Id.* ¶¶ 12, 13.

Defendants move to dismiss Harper's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 2 (Dick Hannah's motion); Dkt. 5 (TMS's motion). They argue that the federal law under which Harper asserts his fraud claim does not have a private cause of action. Dkt. 2 at 2–6; Dkt. 5 at 5. Dick Hannah additionally argues that Harper's state law claim fails to meet the requirements for federal jurisdiction, Dkt. 2 at 6–8, and TMS argues that Harper's state law claim has failed to state a claim against it, Dkt. 5 at 5.[2]

## II. DISCUSSION

**A. Standards**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See*

---

[2] Harper has also filed a motion for summary judgment, Dkt. 14, and Dick Hannah has moved to stay the summary judgment response filing deadline in light of the instant motions to dismiss, Dkt. 15.

*Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

Federal courts are presumed to lack jurisdiction, and on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) the burden of proof is on the plaintiff to establish subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Motions to dismiss brought under Rule 12(b)(1) may challenge jurisdiction factually by disputing "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," or facially by asserting that "allegations in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.      Merits**

      **1.      Federal Claim**

Harper asserts a violation of 18 U.S.C. § 1341, which criminalizes mail fraud. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399–1400 (9th Cir. 1986). As Defendants note, there is no private right of action under this statue. *See, e.g.*, *Ateser v. Bopp*, 29 F.3d 630, 1994 WL 377872, at *3 (9th Cir. 1994) ("Courts have consistently found that the mail and wire fraud statutes do not confer private rights of action.").

As there is no private right of action for Harper's federal claim, Defendants' motions to dismiss are GRANTED, and this claim is DISMISSED with prejudice.

      **2.      State Claim**

Harper additionally asserts a violation of RCW 46.70.180(4)(b)(i), which deems certain actions of automobile dealers and manufacturers unlawful. Among others, the statute makes it unlawful to commit any act of "bushing,"[3] which is defined as entering into a written agreement signed by the prospective buyer that:

> [p]ermits the dealer to renegotiate a dollar amount specified as trade-in allowance on a vehicle delivered or to be delivered by the buyer or lessee as part of the purchase price or lease, for any reason except: (i) Failure to disclose that the vehicle's certificate of title has been branded for any reason . . . .

RCW 46.70.180(4)(b)(i).

---

[3] "Bushing" occurs when a car dealer obligates a buyer to buy a vehicle but reserves to itself the ability to accept or reject the terms of the deal for a period of more than three days. RCW 46.70.180(4)(a); *Banuelos v. TSA Wash., Inc.*, 134 Wn. App. 607, 611 (2006).

Dick Hannah argues that this claim should be dismissed pursuant to Rule 12(b)(1) because Harper has failed to meet the jurisdictional requirements for the claim. Dkt. 2 at 6–8. TMS argues that none of the allegations run to TMS and, rather, that the allegations are "specifically directed at the selling dealership." Dkt. 5 at 5.

The Court agrees with Dick Hannah that it lacks subject matter jurisdiction over Harper's state law claim. Harper asserts that the Court has diversity jurisdiction over the case. Dkt. 1 at 2. Diversity jurisdiction exists where the parties are diverse in citizenship and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Harper demands $10,271 in compensatory damages and $7,497,000 in punitive damages. Dkt. 1, ¶¶ 12, 13. But, as Dick Hannah highlights, "punitive damages are not recoverable in the absence of a statute expressly authorizing them . . . ." *Grays Harbor Cnty. v. Bay City Lumber Co.*, 47 Wn.2d 879, 882 (1955). The statute under which Harper asserts his state law claim permits injunctive relief and compensatory damages—it does not permit punitive damages. *See* RCW 46.70.190 (a plaintiff "may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her together with the costs of the suit, including a reasonable attorney's fee").

Because Harper cannot maintain his punitive damages demand as a matter of state law, the amount in controversy is only $10,271 and does not meet the jurisdictional threshold. The Court thus lacks subject matter jurisdiction over Harper's state law claim. Defendants' motions are therefore GRANTED, and Harper's state law claim is DISMISSED without prejudice.

### C. Leave to Amend

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Amendment in this case would be futile because Harper cannot maintain his federal law claim as a matter of law and because the Court lacks subject matter jurisdiction over his state law claim. The Court therefore DENIES Harper leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant Dick Hannah Toyota's motion to dismiss, Dkt. 2, and Defendant Toyota Motor Sales, U.S.A., Inc.'s motion to dismiss, Dkt. 5, are **GRANTED**. It is hereby further **ORDERED** that Plaintiff John Harper's motion for summary judgment, Dkt. 14, and Defendant Dick Hannah Toyota's motion to stay summary judgment, Dkt. 15, are **DENIED as moot**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 18th day of April, 2022.

BENJAMIN H. SETTLE
United States District Judge